UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BYRON S. MITCHELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 05-1099 (RMC) |
| | ) |
| S. ELWOOD YORK, *et al*. | ) |
| D.C. Department of Corrections | ) |
| 1923 Vermont Avenue, N.W. | ) |
| Washington, DC 20001 | ) |
| | ) |
| Defendants. | ) |
| | ) |

DEFENDANTS' MOTION TO DISMISS THE COMPLAINT

Defendants Elwood York and Leona Bennett ("defendants")[1], by counsel and pursuant to Fed. R. Civ. P. 12(b)(6), respectfully move to dismiss the Complaint for failure to state a claim upon which relief can be granted. In support of this motion, defendants state as follows:

1. Defendants cannot be held liable based on respondeat superior.

2. Plaintiff's allegations fail to state a claim under 42 U.S.C. § 1983.

The grounds in support of this motion are fully set forth in the accompanying memorandum of points and authorities, which is attached hereto and incorporated by reference.

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

---

[1] The complaint names one additional defendant, Larry Corbett. It does not appear that this defendant was properly served. This defendant is also no longer employed with the D.C. Department of Corrections.

2

/s/ Holly M. Johnson /s/
HOLLY M. JOHNSON [476331]
Chief, General Litigation Section III


/s/ Carl J. Schifferle /s/
CARL J. SCHIFFERLE [463491]
Assistant Attorney General
Suite 600S
441 Fourth Street, N.W.
Washington, D.C. 20001
(202) 724-6624
(202) 727-3625 (fax)
Email:  carl.schifferle@dc.gov

2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BYRON S. MITCHELL, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>S. ELWOOD YORK, *et al*. )<br>DC Department of Corrections )<br>1923 Vermont Avenue, N.W. )<br>Washington, DC 20001 )<br>)<br>Defendants. )<br>_____) | Civil Action No. 05-1099 (RMC) |

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE DEFENDANTS'
MOTION TO DISMISS THE COMPLAINT

I.   INTRODUCTION

Plaintiff files this Complaint for damages for alleged civil rights violations under 42 U.S.C. § 1983 while held in the custody of the D.C. Department of Corrections. In his complaint, plaintiff alleges that due to "negligence" his transfer from the Central Detention Facility ("D.C. Jail") to a halfway house was delayed for seventeen days. (Compl. 5). Plaintiff had originally been scheduled for a transfer to a halfway house, but a records check revealed an outstanding warrant for his arrest. (Id.) Plaintiff names as defendants S. Elwood York, Interim Director of the D.C. Department of Corrections; Larry Corbett, former Warden of the D.C. Jail; and Leona Bennett, Classification-Parole Supervisor at the D.C. Jail. (Compl. 4).

II.    ARGUMENT

In reviewing the sufficiency of a complaint under Fed. R. Civ. P. 12(b)(6), a court must accept the facts alleged in the complaint as true and draw any reasonable inferences from those facts in a light favorable to the plaintiff. <u>Harris v. Ladner</u>, 127 F.3d 1121, 1123 (D.C. Cir. 1997). Applying this standard, this Court should dismiss the complaint for failure to state a claim upon which relief can be granted. Plaintiff is not entitled to any relief because defendants cannot be held liable on a <u>respondeat superior</u> basis and, alternatively, because plaintiff's allegations do not state a claim under Section 1983.

    A.    <u>Defendants Cannot Be Held Liable Based on Respondeat Superior</u>.

A government official cannot be held liable under Section 1983 on a <u>respondeat superior</u> basis for the acts of subordinates. <u>Monell v. Dept. of Social Services</u>, 436 U.S. 658, 694 n. 58 (1978). A supervisor's alleged failure to exercise due care is similarly an insufficient basis for liability under Section 1983. <u>International Action Ctr. v. United States</u>, 365 F.3d 20, 28 (D.C. Cir. 2004). Because "the imposition of a duty of care to prevent all foreseeable misconduct by subordinates would thrust an excessive burden on supervisors and hamper performance of official duties," a supervisor "who merely fails to detect and prevent a subordinate's misconduct, therefore, cannot be liable for that misconduct." <u>Id.</u>, quoting <u>Haynesworth v. Miller</u>, 820 F.2d 1245, 1261 (D.C. Cir. 1987).

In the present case, plaintiff does not allege that the defendants had any personal involvement in the events in suit. The only exception is with respect to defendant Larry Corbett, Warden of the D.C. Jail, to whom plaintiff allegedly submitted a grievance about erroneously

being taken off the list of inmates for halfway house placement. (Compl. 3). In response, plaintiff allegedly received a memorandum from Mr. Corbett placing him back on the list. (Compl. 4). Such allegations do not state a basis for holding Mr. Corbett liable for plaintiff's alleged injuries. Absent any other evidence of defendants' personal involvement, plaintiff's complaint appears to rely simply on a theory of respondeat superior. Because governmental officials cannot be held liable under Section 1983 on a theory of respondeat superior, defendants are entitled to the dismissal of the complaint.

      B.      Plaintiff's Allegations Fail To State a Claim under 42 U.S.C. § 1983.

Plaintiff also fails to state a claim under Section 1983. He alleges that the "D.C. Jail's negligence" caused the delay in his transfer to a halfway house. (Compl. 5). The negligence of jail officials, however, does not state a claim for relief under Section 1983. "The Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property." Daniels v. Williams, 474 U.S. 327, 328 (1986) (emphasis in original); accord Davidson v. Cannon, 474 U.S. 344, 348 (1986) (holding that "the protections of the Due Process Clause, whether procedural or substantive, are just not triggered by lack of due care by prison officials").[2]

---

[2] Because the complaint fails to state a federal claim, this Court should dismiss any remaining local law claims for lack of jurisdiction. 28 U.S.C. § 1367; see Kingman Park Civic Ass'n v. Williams, 348 F.3d 1033, 1043 (D.C. Cir. 2003) ("Dismissal of the pendent claims was appropriate here, where all of the federal claims were properly resolved against [plaintiffs]."), citing United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966).

III.    CONCLUSION

       For the foregoing reasons, defendants respectfully request that this Court dismiss plaintiff's complaint for failure to state a claim upon which relief can be granted.

       Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division


/s/ Holly M. Johnson /s/
HOLLY M. JOHNSON [476331]
Chief, General Litigation Section III


/s/ Carl J. Schifferle /s/
CARL J. SCHIFFERLE [463491]
Assistant Attorney General
Suite 600S
441 Fourth Street, N.W.
Washington, D.C. 20001
(202) 724-6624
(202) 727-3625 (fax)
Email:  carl.schifferle@dc.gov

4

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing motion with accompanying memorandum of points and authorities and proposed order was sent on this __5th__ day of October, 2005, by first-class mail, postage prepaid, to:

Byron Sidney Mitchell
DCDC # 194-674
Hope Village Halfway House
2920 Langston Lane, S.E.
Washington, DC 20003

/s/ Carl J. Schifferle /s/
CARL J. SCHIFFERLE [463491]
Assistant Attorney General