UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |   |
|---|---|---|
| BYRON SIDNEY MITCHELL, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 05-1099 (RMC) |
| S. ELWOOD YORK, *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM OPINION**

Plaintiff Byron Sidney Mitchell alleges that his release from the District of Columbia Jail to a halfway house was delayed by seventeen days. He seeks monetary damages pursuant to 42 U.S.C. § 1983 for the additional time he spent at the Jail allegedly without due process of law. Mr. Mitchell names as defendants D.C. Department of Corrections Interim Director S. Elwood York, former D.C. Jail Warden Larry Corbett, and D.C. Jail Classification-Parole Supervisor Leona Bennett. Mr. York and Ms. Bennett have jointly moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Mr. Corbett has joined in the motion. *See* Dkt. #11 (Notice of Joinder). Mr. Mitchell has opposed the motion. Upon consideration of the parties' submissions and the entire record, the Court will grant the motion and dismiss the case.

**I. BACKGROUND**

Mr. Mitchell alleges that he "received halfway house placement on 2-23-05, from 2 courtrooms." Complaint at 5. He "was called out for halfway house" on March 10, 2005, but was not released because a warrant was produced. The warrant was "nollied [sic]" on March 12, 2005.

*Id*. Mr. Mitchell therefore asserts that he was then eligible for release to the halfway house. Instead, he remained at the D.C. Jail until March 29, 2005, when his "name was put back on the halfway house list." *Id*. Mr. Mitchell asserts that the D.C. Jail's "negligence prevented my court-ordered halfway house order." *Id*. (emphases omitted). He claims that the delay "caused intentional infliction of emotional & physical distress." *Id*.

## II. DISCUSSION

The defendants assert that the complaint fails to state a claim under federal law against them in their individual capacities and on the merits. Dismissal under Rule 12(b)(6) is warranted only if it appears that Mr. Mitchell can prove no set of facts in support of his claim that would entitle him to relief. *Harris v. Ladner*, 127 F.3d 1121, 1123 (D.C. Cir. 1997); *Kowal v. MCI Comms. Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994). To survive the defendants' motion, Mr. Mitchell must have alleged that he was deprived of "rights, privileges, or immunities secured by the Constitution and laws" by a person acting under color of state law. 42 U.S.C. § 1983. The defendants may be held liable under § 1983 only upon a showing that they were "personally involved in the illegal conduct." *Simpkins v. D.C. Government*, 108 F.3d 366, 369 (D.C. Cir. 1997). Liability cannot be based on the principle, as pleaded here, of *respondeat superior*. *Cameron v. Thornburgh*, 983 F.2d 253, 258 (D.C. Cir. 1993) (citing *Monell v. Dep't. of Soc. Servs. of the City of New York*, 436 U.S. 658, 691 (1978)).

The defendants assert correctly that the complaint fails to state a claim against them because Mr. Mitchell has not alleged that they were personally responsible for the delay in placing him in a halfway house. *See* Defs.' Mem. of Points and Authorities at 2-3. In addition, the defendants assert correctly that Mr. Mitchell's claim fails on the merits because he attributes the

delay to negligence rather than a deliberate act. *See id*. at 3. A claim of negligence is not cognizable under § 1983. *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976); *accord Daniel v. Williams*, 474 U.S. 327, 328 (1986) ("[T]he Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property.").

### III. CONCLUSION

For the foregoing reasons, the Court grants the defendants' Rule 12(b)(6) motion to dismiss. In light of the dismissal of the federal claim, the Court declines to exercise supplemental jurisdiction over any local law claims, which Mr. Mitchell may pursue in the Superior Court of the District of Columbia. A separate Order of dismissal accompanies this Memorandum Opinion.

Date: May 30, 2006                                     /s/
                                                                 ROSEMARY M. COLLYER
                                                                 United States District Judge